Becker v. State



COURT OF APPEALS


EIGHTH DISTRICT OF TEXAS


EL PASO, TEXAS



)
 

ISRAEL RODRIGUEZ GUEVARA,
)
 No. 08-02-00130-CR

)


 Appellant,
)
 Appeal from

)
 

v.
)
 238th District Court

)


THE STATE OF TEXAS,
)
 of Midland County, Texas

)


 Appellee.
)
 (TC# CR26457)


MEMORANDUM OPINION ON MOTION



 Pending before the Court is Appellant's motion for an extension of time to make financial
arrangements to pay for the reporter's record. The court reporter has filed an objection to
Appellant's request. For reasons stated below, we deny Appellant's request for an additional
extension of time.

UNDERLYING FACTS


 On March 11, 2002, a jury convicted Appellant of arson and assessed his punishment at
imprisonment for a term of five years. The court sentenced Appellant on March 13, 2002. Appellant
posted an appeal bond and his retained counsel, Mr. Brian Chavez, filed a notice of appeal on
Appellant's behalf.

 The reporter's record was originally due to be filed on May 12, 2002 but extensions were
granted and it was finally due to be filed on October 12, 2002. During this time period, Mr. Chavez
had as many as thirty discussions with Appellant and his family, informing him of the cost of the
reporter's record (1) and asking him to pay for it. Appellant's wife also had direct discussions with
Ms. Dodson about making the financial arrangements. Ultimately, Appellant did not submit the
required costs and the record was not prepared. On August 5, 2002, Mr. Chavez filed a motion to
withdraw because Appellant had failed to pay his attorney's fees or make financial arrangements
with the court reporter. Pursuant to our order dated August 9, 2002, the trial court conducted a
hearing on August 23, 2002 to determine whether Appellant wished to continue with his appeal, if
he were entitled to court-appointed counsel, or if he wished to proceed pro se. At the hearing,
Mr. Chavez requested that the county pay for the reporter's record because Appellant could not
afford it. Appellant also asked that he be provided with appointed counsel. Consequently, the trial
court heard evidence on Appellant's claim of indigency. Appellant was employed as a cement
finisher and made approximately $350-400 per week. His wife made approximately the same
amount of money. When asked if he could pay $3,000 for the reporter's record, Appellant stated
that he could. He informed the trial court that he could borrow the money to pay for the reporter's
record but he had made no efforts to do so. The trial court did not immediately rule on the issues
raised at the hearing. According to Appellant's affidavit attached to his motion for extension of
time, Mr. Chavez assured him that the trial court would appoint counsel and provide him with the
reporter's record at county expense. On September 3, 2002, the trial court made written findings that
Appellant was not indigent. Appellant states in his affidavit that Mr. Chavez did not inform him of
the trial court's determination.

 The reporter's record was not filed on October 12, 2002, and Ms. Dodson notified the Court
that Appellant had not designated the record and had failed to make financial arrangements. This
Court notified Mr. Chavez that no financial arrangements had been made. On October 24, 2002, the
Court granted Mr. Chavez's motion to withdraw and ordered that the appeal be submitted on the
clerk's record alone. The order recited that payment had not been made for the preparation of the
reporter's record. A copy of the order was mailed to Appellant but he now claims that he never
received it. On January 13, 2003, the Court notified Appellant in writing that the appeal was set for
submission on February 25, 2003, without oral argument. Appellant admits that he received the
notification regarding oral argument and learned for the first time that Mr. Chavez no longer
represented him. In his affidavit, Appellant claims that he did not learn until February 10, 2003 that
the trial court had determined he was not indigent, that he had missed the deadline for making
financial arrangements, or that this Court had ordered that the appeal be submitted on the clerk's
record alone.

 On February 18, 2003, Appellant, with the assistance of retained counsel, filed a motion for
extension of time in which to pay for the reporter's record. (2) He further requested that the submission
date be vacated. By an order dated February 20, 2003, the Court granted those requests and ordered
that Appellant make financial arrangements to pay for the reporter's record no later than March 19,
2003. Our order specifically stated that if Appellant failed to make financial arrangements by
March 19, 2003, the appeal would be submitted on the clerk's record alone. Despite this
admonishment, we have been informed by the court reporter that Appellant failed to make
arrangements by the due date. However, Appellant's wife delivered a money order to Ms. Dodson
on March 24, 2003. Appellant has filed a formal motion requesting an additional extension of time
until March 24. Ms. Dodson objects to Appellant being allowed to make untimely financial
arrangements to pay for the reporter's record.

RULES 35.3 AND 37.3


 Rule 35.3(b) provides as follows:

 (b) Reporter's Record. The official or deputy reporter is responsible for preparing,
certifying, and timely filing the reporter's record if:


 (1) a notice of appeal has been filed;


 (2) the appellant has requested that the reporter's record be prepared;
and


 (3) the party responsible for paying for the preparation of the
reporter's record has paid the reporter's fee, or has made satisfactory
arrangements with the reporter to pay the fee, or is entitled to appeal
without paying the fee.


Tex.R.App.P. 35.3(b).


 Rule 37.3(c) governs what occurs if the reporter's record has not been timely filed due to the 


fault of the appellant:


 Under the following circumstances, and if the clerk's record has been filed, the
appellate court may--after first giving the appellant notice and a reasonable
opportunity to cure--consider and decide those issues or points that do not require a
reporter's record for a decision. The court may do this if no reporter's record has
been filed because:


 (1) the appellant failed to request a reporter's record; or


 (2)(A) appellant failed to pay or make arrangements to pay the reporter's fee
to prepare the reporter's record; and


 (B) the appellant is not entitled to proceed without payment of costs.


Tex.R.App.P. 37.3(c).


 After Appellant did not pay or make arrangements to pay the reporter's fee by October 12,
2002, this Court entered an order pursuant to Rule 37.3(c) that the case would be submitted on the
clerk's record alone. That order was forwarded to Appellant at the address provided to us by
appellate counsel. Appellant has admitted receiving other mail from the Court at the same address
but he denies receiving this particular order. Based upon Appellant's claims that former appellate
counsel informed him at the August 23, 2002 hearing that he need not pay for the reporter's record,
and failed to inform him of the trial court's September 3, 2002 findings, we vacated the February 25,
2003 submission date and gave Appellant an additional opportunity to cure the defect as required
by Rule 37.3. We specifically informed him that his failure to make financial arrangements by
March 19 would result in the appeal being submitted on the clerk's record alone. Thus, Appellant
has been given notice and reasonable opportunity to cure as required by Rule 37.3(c). For reasons
unclear to the Court, Appellant was five days late in paying the reporter's fee. He states only that
he "could not meet the ordered deadline." He has not provided any excuse, reasonable or otherwise,
for his failure to pay the reporter's fee by the due date. See Tex.R.App.P. 10.5(b)(1)(C)(motion for
extension of time must state the facts relied on to reasonably explain the need for an extension).

 In passing on Appellant's second motion for extension of time, we have also taken into
consideration certain contradictory statements. At the August 23, 2002 hearing, Appellant told the
trial court that he could borrow money to pay the reporter's fee but he had not made any effort to do
so. However, in his affidavit attached to his first motion for extension of time, Appellant states as
follows:

 On August 23, 2002 at the time of the hearing in the 318th Judicial District Court on
the Motion to Withdraw, I had borrowed $2,500.00 from my boss, Edward Grube, 
(phone number omitted) to make a payment on the record. Brian Chavez informed
me that it was unnecessary because I was going to get a court appointed attorney and
the fees would be paid. (3) 


At the very time Appellant represented to the trial court that he could not pay for the record, he
evidently had $2,500 available to make financial arrangements with the court reporter. If Appellant
had made the trial court aware that he had these funds in his possession, we have no doubt that his
request for a free record would have been immediately denied and the confusion and delay over the
last several months could have been averted. Under the circumstances, we find that the reporter's
record has not been filed due to the fault of Appellant. We have previously given him notice and
reasonable opportunity to remedy the defect but he did not do so within the time-frame established
by our prior order. Appellant's motion for an additional period of time to pay the reporter's fee is
denied. Pursuant to Rule 37.3(c), this appeal will be submitted on the clerk's record alone.



April 24, 2003 

 ANN CRAWFORD McCLURE, Justice


Before Panel No. 2

Barajas, C.J., McClure, and Chew, JJ.


(Do Not Publish)
1. Ms. Dodson had informed Mr. Chavez that the reporter's record would likely cost $3,000 and she asked that
$2,000 be paid up front. 
2. On February 24, 2003, Richard Alvarado filed a formal entry of appearance in this appeal.
3. We have not been provided with an affidavit by Mr. Chavez either confirming or denying the truth of the
statement attributed to him by Appellant.